UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE ADAMS,

    Plaintiff,

v.

SERGIO JIMENEZ,

    Defendant.
_____/

Case No. 1:26-cv-214

Hon. Hala Y. Jarbou

## **OPINION**

Plaintiff Jessie Adams, proceeding pro se, filed a one-page complaint containing the following allegations:

1. Upon information and belief, Defendant had ex parte communication with certain individuals,

2. Defendant conspired with others in violation of due process,

3. The basis for federal court jurisdiction is federal law.

(Compl., ECF No. 1, PageID.1.)

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, the Federal Rules of Civil Procedure provide that "[i]f the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). The Court lacks subject matter jurisdiction "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In addition, because Plaintiff is proceeding *in forma pauperis*, the Court can dismiss the action if it is "frivolous" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To pass this initial screening, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, the Court lacks subject matter jurisdiction because the complaint is unsubstantial. Plaintiff provides no facts upon which to base any sort of claim. The assertions that Defendant conspired with others or engaged in ex parte communications are wholly conclusory. And the assertion that the Court has jurisdiction under federal law is merely a legal conclusion. It is not a factual basis for establishing jurisdiction. Accordingly, the Court will dismiss the case.

A judgment will enter in accordance with this Opinion.


Dated: January 23, 2026                  /s/ Hala Y. Jarbou
                                         HALA Y. JARBOU
                                         CHIEF UNITED STATES DISTRICT JUDGE